Curia, per

Earle, J.
From the speaking of slanderous words, that are actionable in themselves, the law implies that they are false, and that they are malicious. It is for the defendant to prove them true ; or to rebut the presumption of malice, by shewing that they were spoken on such an occasion, or under such circumstances, as to excuse the speaking, and render them innocent; as that they were spoken in the regular course of a judicial proceeding, by a party, a witness, or counsel; or in the regular course of religious discipline with the plaintiff, being of the same church ; or in .confidence to a person interested, as to the character of a servant, or of a person in trade ; and so of other instances that might be put. There may indeed be cases where the speaking occurs in the performance of a legal duty, which the defendant is bound to perform, as where he is is called on, as a witness, to testify in a court of justice, or where he is acting as judge, or party, in which the occasion not only rebuts the presumption ,of malice, but furnishes a bar to the action. In general, however, where it appears, on the plaintiff’s shewing, or on evidence produced by the defendant, that the publication was made on such an occasion, or under such circumstances, as have been specified, and that the words were spoken, Iona fide, in the discharge of some legal or moral duty, rendered necessary by the exigencies of society, the occasion affords a prima facie presumption to rebut the inference of malice, and the plaintiff would fail, •without further proof. See Stark. Evid. 4, p. 863, and the cases there .cited.- Malice is, however, the essential ingredient which entitles the •plaintiff to recover ; and whatever may be the occasion of the speaking, jSfcept, perhaps, that of being in the course of a.trial in a court of justice, *89 by a judge or witness, it is competent for the plaintiff to reply in evidence, and to shew express malice ; to prove that the words were not spoken, bona fide, but that the occasion was used only as a pretext for venting the defendant’s malice. ' The circumstances themselves, the manner of speaking, the temper manifested, without extrinsic evidence, may be enough to indicate malice, and to deprive the defendant of the benefit he might have derived from the occasion of the speaking. But this is always a question for the jury, whether the words spoken, if actionable in themselves, were spoken maliciously, and with a defamatory intention. It seems to this court, that the case before us was submitted to the jury in conformity with these principles, which we have supposed to be as well settled as those of any department of the law. It may well be doubted, on the report of the judge, whether the case of the defendant comes within any of the occasions which are held to rebut the presumption of malice, even prima facie. There was no proceeding befoie the church in the nature of religious discipline, except once, when the charge was made. At another time, the witness, Bowers, who was the pastor, says he spoke with You-mans “ upon hearing he had made such a report,” when he said he believed “ Goettie had given the plaintiff a very fine cloak as a bribe.” If the verdict of the jury needed other support, it might be found in the evidence of Abram Ruth, who proved the speaking of similar words on another occasion than that befoie the church; and in the affidavit to commence a prosecution for peijury, which was any thing but a confidential communication, or one made in the discharge of his duty as a member of the church. And although this last would not of itsell sustain the action, without proof of other words, it - was competent, and we think sufficient, evidence of the malice which prompted the speaking of these words.
Colcock Bailey, for motion. DeTrevüle <§f Cole, contra.
The motion is refused.
Note. — The cases on this subject are collected, and well arranged in-a note to Fowler and Wife v. Homer, 3 Camp. Rep. 294. •
Butler, Harper, DeSaussure, O’Neall, Evans, Johnston, CC. arid JJ. concurred.